## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| **DENISSE VILLAFRANCA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **1: 18-cv-178** |
| **JONATHAN M. ROLBIN,** *et al.,* | ) | |
| **Defendants.** | ) | |
| —————————————————— | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' PARTIAL MOTION TO DISMISS

Plaintiff, Denisse Villafranca ("Ms. Villafranca"), by and through undersigned counsel, files this

Response in Opposition to Defendants' Partial Motion to Dismiss (Dkt. 12).

## TABLE OF CONTENTS

*Table of Authorities* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *ii*

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ISSUES RAISED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.   ARGUMENT

      A.   8 U.S.C. § 1503(a) does not provide an "adequate remedy"
         such as to preclude Plaintiff's claims under the APA . . . . . . . . . . . . . . . . . . . 4

      B.   The United States of America and Jonathan M. Rolbin
         are proper parties to the suit with regard to Plaintiff's claims
         under the APA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

## *CASES*

*Ashcroft v. Iqbal,* 566 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bell Atlantic Corporation v. Twombly,* 350 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bowen v. Massachusetts,* 487 U.S. 879 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Carbe v. Lappin,* 492 F.3d 325 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402 (1971). . . . . . . . . . . . . . . . . . . 8

*Clark v. Tarrant County,* 798 F.2d 736 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Fox v. Clinton,* 684 F.3d 67 (D.C. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Greenwich Collieries v. Director, OWCP,* 990 F.2d 730 (3rd Cir. 1993),
*aff'd* 512 U.S. 267 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Home Builders Association of Mississippi, Inc. v. City of Madison,*
143 F.3d 1006 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jones v. Bock,* 549 U.S. 199 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182 (2d Cir. 1996) . . . . . . . . . . . . . . . 3

*Ramming v. U.S.,* 281 F.3d 158 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Tavera v. Harley-Bell*, No. 09-cv-0299, 2010 WL 1308800 (S.D. Tex. 2010) . . . . . . . . . . . . . . 5

*Villafranca v. Tillerson*, 1:16-cv-077, 2017 WL 2735589 (S.D. Tx. 2017) . . . . . . . . . . . . . 2 fn 1

*Villarreal v. Horn*, Civil No. 1:15-cv-111, 2017 WL 6442839 (S.D. Tex.
September 19, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Villarreal v. Horn*, 203 F. Supp. 3 d 765 (S.D. Tex. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATUTES

5 U.S.C. § 551(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5 U.S.C. § 702 *et seq* (APA) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

5 U.S.C. § 706(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8 U.S.C. § 1503 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5,7, 9, 10

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

## REGULATIONS

22 C.F.R. § 51.40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## I.   INTRODUCTION

The facts from the Complaint, Dkt. 1 ¶¶ 8-17 are incorporated.

To summarize, Ms. Villafranca's birth in Brownsville, Texas was attended by a midwife. The birth was registered three days later.  Ms. Villafranca's parents, Mexican citizens with valid border crossing cards, took her back to their home in Mexico shortly after the birth.  The day after their return, they took the baby to a doctor to receive new born infant vaccinations.  About nine months after her birth, Ms. Villafranca's parents also registered her in Mexico, providing correct information to the civil registry.  Errors were made on Ms. Villafranca's Mexican birth certificate. Three weeks after registering Ms. Villafranca in Mexico, her parents had her baptized in Tampico, Mexico, providing the birth information to the church officials that had been presented to the Civil Registry.

In 2005, Ms. Villafranca was living in the United States and frequently crossing to Mexico. She applied for a United States passport.  The passport was issued, good for the full ten years.  IN the meantime, Ms. Villafranca's mother, having noticed that the information on her daughter's Mexican birth certificate was incorrect had been trying to have it corrected.  Ms. Villafranca's mother was unsuccessful in having the civil registry correct the birth certificate.  Finally, in 2010, at her parents' urging, Ms. Villafranca filed suit in a Mexican court against the civil registry, to have the errors made originally on the birth certificate corrected.  Evidence and testimony were presented; Ms. Villafranca won the suit.  The civil registry appealed the decision.  It was not until 2012 that the appeal was decided in Ms. Villafranca's favor.  Her Mexican birth certificate was corrected to show the correct date of birth, date of registration and place of birth.

In November 2014, Ms. Villafranca received a letter from Jonathan M. Rolbin, Director,

Legal Affairs and Law Enforcement Liaison of the United States Department of State, informing her that her United States passport had been revoked, based on an alleged "investigation" that had revealed she had a Mexican birth certificate (a fact that she had never hidden), referencing only the original, uncorrected Mexican birth certificate, and stating that "[b]ased on this new evidence and the totality of the circumstances" it had been determined that the revocation of her passport was warranted.  Ms. Villafranca was given no opportunity to answer any questions the Department of State may have had about her birth or birth certificate, or to challenge the action before or after it was taken.  At the time of the alleged "investigation", the corrections to the Mexican birth certificate and basis on which they were made were already an integral part of that birth certificate.  Yet the letter fails to explain why these amendments, and their basis, the court proceedings which led to same, were not considered as part of the "new evidence" contributing to the "totality of the circumstances."

Subsequently, Ms. Villfranca traveled to Mexico, seeking to resolve the problem with her passport and on return was denied entry and her passport taken.  She later came to the port of entry in Brownsville, Texas, standing within the United States, on United States territory, but not seeking entry since she did not have a valid passport, and filed suit under 8 U.S.C. § 1503(a).  The suit was dismissed for lack of jurisdiction on the basis that in order to be "within the United States" one had to make an "entry."[1]  Denied entry into the United States and to her home, in November 2018 she came to the port of entry in Brownsville, Texas and was permitted to enter the United States with her then valid Sentri card.  This suit was filed, seeking a declaration of U.S. citizenship, injunctive relief, attorney's fees and court costs under 8 U.S.C. § 1503(a) (with 28 U.S.C. § 2201), and under

---

[1]See *Villafranca v. Tillerson*, 1:16-cv-155, (S.D. Tx. 2017).  A petition for *certiorari* is currently pending on the issue before the U.S. Supreme Court No. 18-5461.

-2-

the APA (with 28 U.S.C. § 1331).

Defendants concede that this Court has jurisdiction to hear Ms. Villafranca's claim under 8 U.S.C. § 1503(a) with 8 U.S.C. § 2201 (Declaratory Judgment Act).  Dkt. 15 at 1.

Defendants deny that this Court has jurisdiction over Ms. Villafranca's claim under the Administrative Procedure Act (APA), 5 U.S.C. § 702 *et seq.* because she has an adequate remedy under § 1503.  Concomitantly, they move that the United States of America and Jonathan M. Rolbin be dismissed as improper parties to this suit ... under 8 U.S.C. § 1503(a).  *Id.*

Plaintiff maintains that 8 U.S.C. § 1503(a) alone does not provide a fair and adequate remedy to her claim that would negate the need for a claim under the APA.  Plaintiff further maintains that the United States of America and Jonathan M. Rolbin are proper parties to an APA claim.

## II.    ISSUES RAISED

**A.      *Does 8 U.S.C. § 1503(a) provide an "adequate remedy" such as to preclude Plaintiff's claims under the APA?***

**B.      *Are the United States of America and Jonathan M. Rolbin proper parties to this suit?***

## III.    STANDARD OF REVIEW

Motions filed under Rule 12(b)(1), "allow a party to challenge the subject matter jurisdiction of the district court to hear a case."  *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).  A court properly dismisses a claim for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*citing Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  In considering challenges to subject matter jurisdiction, the Court may "make factual findings which are decisive of its jurisdiction." *Clark v. Tarrant Cnty.*, 798 F.2d 736,

-3-

741 (5th Cir. 1986) ("Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981). The plaintiff bears the burden of proof in the Rule 12(b)(1) context. *See Ramming*, 281 F.3d at 161.

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to "state a claim that is plausible on its face."  *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 350 U.S. 544, 570 (2007).  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Id.*  The court, however, is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.  The face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.  *Lormand*, 565 F.3d at 255-57.  If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.  *Twombley*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 and n. 9 (5th Cir. 2007).

## IV.   ARGUMENT

### A.   *8 U.S.C. § 1503(a) does not provide an "adequate remedy" such as to preclude Plaintiff's claims under the APA.*

Defendants assert that Ms. Villafranca "cannot invoke the APA to request declaratory and

-4-

injunctive relief because she has failed to state an APA claim or the Court lacks jurisdiction over

such a claim."  Dkt. 15 at 4.  They assert that  Section 704 of the APA waives sovereign immunity

and permits judicial review only where there are no other judicial remedies available. *Citing Tavera*

*v. Harley-Bell*, No. 09-cv-0299, 2010 WL 1308800, at (S.D.Tex. 2010), unpublished opinion. Citing

to several district court opinions, only one published, *to wit, Villarreal v. Horn*, 203 F.Supp. 3d 765

(S.D. Tex. 2016), Defendants maintain that "review of agency action under the APA is precluded

because the relief that [the plaintiff] seeks – a judicial declaration of citizenship and entitlement to

a passport may be directly sought through 8 U.S.C. § 1503(a)."  Quoting 203 F.Supp. 3d at 773; Dkt.

15 at 5.  Therefore, Defendants conclude, § 1503(a) provides Ms. Villafranca with an "adequate

remedy," precluding a claim under the APA.  Defendants fail to note that the holding in *Villarreal*

*v. Horn* upon which they rely was subsequently amended on a motion to reconsider, (thus seemingly

making publication of the opinion premature), in *Villarreal v. Horn*, CIVIL NO. 1:15-CV-111, 2017

WL 6442839 at *13 (S.D.Tex. September 19, 2017), to reverse its holding on the APA claims in that

case.

We respectfully submit that in this case, 8 U.S.C. § 1503 does not provide an adequate

alternative remedy to APA review.  An action under § 1503 provides for a *de novo* review of the

denial of a passport application.  In a *de novo* action, it is the burden of the plaintiff to establish by

the preponderance of the evidence that she is a U.S. citizen.  22 C.F.R. § 51.40.  In the case of Ms.

Villafranca, however, she was not applying for a first time passport.  In 2005, she had submitted the

evidence required and requested for *de novo* review by the Department of State, had been found to

have met her burden of proof for establishing her U.S. citizenship, and had been issued a U.S.

passport good for the full ten years.  Shortly before the passport expired, the Department of State

revoked her passport.

In the case of the revocation of a passport, or the renewal of a passport, as Jonathan M. Rolbin, Director of Legal Affairs and Law Enforcement Liaison of the U.S. Department of State, has stated under oath, the burden of proof in establishing U.S. citizenship, or in these cases, birth in the United States, shifts to the Department of State.  It is the Department of State that has the burden of establishing by the preponderance of the evidence that the plaintiff/applicant is *not* a U.S. citizen. *See, Deposition Under Oath, Castro v. Freeman,* 1:09-cv-00208, Dkt. 227-3 at 27-29, 175 (S.D. Tex. 2013), attached at "A".

The shifting of burden when the revocation (or denial of a renewal) of a passport is at issue is not inconsequential.  The preponderance of the evidence standard goes to show how convincing the evidence in favor of a fact must be in comparison with the evidence against it before that fact may be found.  *See, Greenwich Collieries v. Director, OWCP*, 990 F.2d 730, 736 (3rd Cir. 1993), *aff'd* 512 U.S. 267 (1994).  When the evidence is evenly balanced, the party with the burden of proof must lose.  *Id.* at 281.  In a a case where a passport has been revoked, where the applicant/plaintiff has previously established by the preponderance of the evidence that she is a U.S. citizen, the burden is on the Department of State to establish that any new evidence presented tips the balance the other way, changes the balance within the totality of the evidence, and ultimately justifies the denial/revocation of a passport.  Thus, a *de novo* review in the context of the denial of an application to renew a passport offers only doubtful and limited relief, where the scales are always weighted against the plaintiff.  In *Bowen v. Massachusetts*, 487 U.S. 879, 904, (1988), the Supreme Court interpreted 5 U.S.C. §704 as precluding APA review where Congress has otherwise provided a "special and adequate review procedure." An alternative remedy, the Supreme Court instructed,

-6-

*will not be adequate under § 704* if the remedy offers only "doubtful and limited relief." *Id*. at 901. A remedy that begins by stacking the cards against the plaintiff is simply not an adequate review procedure.

The Court in *Villarreal v. Horn*, concluded by finding that the Plaintiffs, who were outside the United States, were subject to § 1503(b)-(c), and had not exhausted their remedies under that part of the statute. This is a controversial issue. A petition for *certiorari* currently is before the Supreme Court. The Court in *Villarreal v. Horn* did not address, nor examine the importance and effect of the shifting of the burden of proof for plaintiffs who, like Ms. Villafranca, are challenging the revocation of a United States passport, not the denial of a first-time passport application.

Furthermore, we note that Defendants ultimately and revoked Ms. Villafranca's United States passport on the basis of 'an investigation" that revealed her original Mexican birth certificate. Dkt. 2, Doc. 9. Ignored by Defendants was the fact that this birth certificate had been amended (a fact noted on the birth certificate in the civil registry). A conscientious investigation could not have failed to register the fact that the birth certificate had been amended and on what basis, given that in the civil registry the original birth certificate memorializes these developments, including to the court cases that led to the amendment. Dkt. 2, Doc. 4. As Mr. Rolbin's letter asserted, the decision to revoke was based on "this new evidence and the totality of the circumstances." Dk.1 ¶15; Dkt. 2, Doc. 9. Yet the "new evidence" ignored all of the evidence concerning the amendments to the birth certificate and the process and on what basis such amendments were made, contained in annotations and citations of the original birth certificate. One must conclude that the assertion of Mr. Rolbin that the decision to revoke was based on the "totality of the circumstances" is inadequate, given that it was a much truncated totality of circumstances that was considered. *See also, Exh. A*

-7-

*(Deposition of Mr. Rolbin)* at 36-37 (noting that when revocation of a passport is proposed, *all of the evidence* is considered and assessed based on the preponderance of the evidence standard and the totality of the circumstances), 52-53.

It is impossible to conclude that *all* of the new evidence was considered in the case of the revocation of Ms. Villafranca's passport, in the context of the "totality of the circumstances," (*i.e.*, in conjunction with all the original evidence provided to obtain the initial passport) and assessed against the preponderance of the evidence standard.  As such, the revocation of Ms. Villafranca's passport on the grounds asserted in Mr. Rolbin's letter is inadequate and is a textbook example of "arbitrary and capricious" and an abuse of discretion.  5 U.S.C. § 706(2)(C).

As the Supreme Court observed in *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971), in making the factual inquiry concerning whether an agency decision was "arbitrary or capricious," the reviewing court "must consider whether the decision was based on a consideration of the relevant factors...."  A different approach would be contrary to the demand that courts ensure that agency decisions are founded on a reasoned evaluation "of the relevant factors." *Id.*

The Defendants' revocation of Ms. Villafranca's passport is devoid of any reference to any relevant factors considered.  The only evidence referenced and considered is the existence of a Mexican birth registration, with much of the "evidence" present on that birth certificate totally ignored.  There is no evidence of any reasoned decision making based on a careful assessment of all the new evidence revealed against the backdrop of the evidence originally submitted that resulted in the issuance of a passport.  The "investigation" can only be deemed cursory and inadequate, particularly in view of the consequences that ensued from the arbitrary revocation of Ms.

-8-

Villafranca's passport.  *See, Fox v. Clinton,* 684 F.3d 67, 80 (D.C. Cir. 2012) ("To survive arbitrary and capricious review, an agency action must be the product of reasoned decisionmaking."); *Siegel v. SEC*, 592 F.3d 147, 164 (D.C.Cir.2010) (We will not uphold an agency adjudication where the agency's judgment was not adequately explained in its decision.);   Dkt. 2, Doc. 11.

Plaintiff thus maintains that this Court does have jurisdiction over her claims under the APA, since § 1503(a) does not offer an adequate remedy, given that it fails properly to shift the burden of proof to Defendants, where it properly should rest, and thus offers "only doubtful and limited relief." In addition, the revocation of Ms. Villafranca's passport was arbitrary and capricious and not based on sufficient and identified relevant facts.  As such, APA review is appropriate.

**B.**     ***The United States of America and Jonathan M. Rolbin are proper parties to the suit with regard to Plaintiff's claims under the APA***

Defendants assert that "the United States of America and Jonathan M. Rolbin are improper parties to an action under 8 U.S.C. § 1503(a).  Plaintiff agrees.

Plaintiff respectfully submits that the United States of America and Jonathan M. Rolbin are, however, proper parties under the APA.

Section 702 of the APA states:

An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States:  Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance.

Jonathan M. Rolbin was the director of the section within the Department of State that made

the decision to revoke Ms. Villafranca's passport and the signatory of the letter implementing that decision, and would be the federal officer named and responsible for compliance in any mandatory or injunctive decree issued.  As such, he is properly included as a party in this APA claim.  *See* 5 U.S.C. § 551(3).

## V.   CONCLUSION

Parties agree that this Court has jurisdiction to hear Ms. Villafranca's claim under 8 U.S.C. § 1503(a) with 8 U.S.C. § 2201 (Declaratory Judgment Act).

Plaintiff asserts that for the reasons stated above, this Court also properly has jurisdiction over Ms. Villafranca's claims under the APA (with 28 U.S.C. § 1331).

Therefore, Plaintiff moves this Court to deny Defendants' Partial Motion to Dismiss, retain the United States of America and Jonathan M. Rolbin as parties to the APA claims, and to proceed with the suit.

Respectfully submitted 02/26/2019,

*s// Cathy J. Potter*

Cathy J. Potter
Lead Attorney for Petitioner/Plaintiff
Law Firm of Cathy J Potter PLLC
409 East Jackson Avenue
Harlingen, Texas 78550
Pennsylvania Bar 210071
Federal I.D. 1060322
(956) 622-3011 Telephone
(956) 622-3017 Fax
cpotter@cathypotterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served on this date 26 February 2019 on all counsel of record, by means of the Court's ECF filing system.

*s// Cathy J. Potter*
Cathy J. Potter