Case 1:18-cv-00178   Document 23   Filed on 03/06/19 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 06, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DENISSE VILLAFRANCA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B: 18-cv-178 |
| | § | |
| **JONATHAN M. ROLBIN, et al.,** | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 2, 2018, Plaintiff Denisse Villafranca ("Villafranca") filed a complaint against Jonathan M. Rolbin, in his official capacity as the Director of Legal Affairs and Law Enforcement Liaison for the State Department ("Rolbin"); Michael R. Pompeo, in his official capacity as Secretary of State ("Pompeo"); and the United States of America (collectively "Defendants"). Dkt. No. 1.

Villafranca claims to have been born in the United States and has previously been issued a passport. Her passport was revoked when the State Department determined that she was born in Mexico. Villafranca has sued for a declaration that she is a citizen, pursuant to 8 U.S.C. § 1503(a), and for review of the State Department decision under the Administrative Procedures Act ("APA").

On February 7, 2019, the Defendants filed a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). Dkt. No. 15. The Defendants assert that the Court lacks jurisdiction over the APA claim. Id. The Defendants do not seek dismissal of the § 1503 claim. Id.

On February 26, 2019, Villafranca filed a response. Dkt. No. 19. On March 5, 2019, the Defendants filed a reply brief.

1

After reviewing the record and the relevant case law, it is recommended that the motion to dismiss be granted. Binding Fifth Circuit precedent mandates that the Court lacks jurisdiction over Villafranca's APA claim.

## I. Background

### A. Factual Background

Villafranca alleges that she was born in Brownsville, Texas, in November 1977. Dkt. No. 1, p. 2. Her parents are Mexican citizens, who moved back to Mexico after her birth. Id, pp. 2-3.

In August 1978, Villafranca's birth was registered in Mexico and her parents informed the Mexican authorities that she was born in Brownsville. Dkt. No. 1, p. 3. The Mexican birth record, however, showed that she was born in Mexico. Id.

On August 17, 2005, Villafranca was issued a United States passport, which was valid for 10 years. Dkt. No. 1, p. 3.

In 2010, Villafranca filed a lawsuit in Mexico to have a corrected birth record issued, one which reflected her birthplace as being the United States. Dkt. No. 1, p. 4. In 2012, her lawsuit was successful and her birth certificate was corrected to show that she was born in Brownsville. Id.

In November 2014, the State Department issued a letter to Villafranca, revoking her United States passport on the basis that Villafranca's original Mexican birth certificate, despite the later correction, showed that she was born in Tamaulipas, Mexico. Dkt. No. 1, p. 4.

### B. Procedural History

On November 2, 2018, Villafranca filed a complaint against Rolbin, in his official capacity as the Director of Legal Affairs and Law Enforcement Liaison for the State Department; Pompeo, in his official capacity as Secretary of State; and the United States of America. Dkt. No. 1. Villafranca seeks a declaratory judgment that she is a United States citizen, pursuant to 8 U.S.C. § 1503(a) and seeks review under the APA. Id.

On February 7, 2019, the Defendants timely filed a partial motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(1) & 12(b)(6). Dkt. No. 15.  The Defendants argue that Villafranca cannot sustain an APA claim, because § 1503(a) provides an alternative cause of action. Id. The Defendants do not seek dismissal of the § 1503(a) claim.  The Defendants further argue that Rolbin and the United States of America should be dismissed as defendants because the head of the agency – in this case, Pompeo – is the only proper defendant in a § 1503(a) action. Id.

On February 26, 2019, Villafranca filed a response brief, arguing that "8 U.S.C. § 1503(a) does not provide an 'adequate remedy' such as to preclude Plaintiff's claims under the APA." Dkt. No. 19.  Villafranca argues that § 1503(a) is not an adequate remedy because it places the burden of proof on her to prove her citizenship by a preponderance of the evidence. Id., pp. 4-6.  Instead, Villafranca argues, that when the Government revokes or does not renew a passport, based upon non-citizenship, the burden of proof should be on the Government to disprove the claim of citizenship. Id.

On March 5, 2019, the Defendants filed a reply brief. Dkt. No. 22.  The Defendants argue that the Fifth Circuit foreclosed Villafranca's arguments when it held that "that 8 U.S.C. § 1503 provides an adequate alternative remedy to APA review" in cases involving denial of passports for non-citizenship. Dkt. No. 22, p. 1 (citing De La Garza Gutierrez v. Pompeo, 741 F. App'x. 994, 997 (5th Cir. 2018)).

## II. Applicable Law

### A. Jurisdiction

The threshold question, before considering the substance of any claim, is whether the court possesses jurisdiction over the claim.  This is the case, because federal courts are courts of limited jurisdiction, whose authority exists only within the boundaries established by Congress and the United States Constitution. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84 (1999).  A plaintiff bears the burden of proving jurisdiction. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

In determining whether jurisdiction exists, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). Conclusory allegations or "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Wells v. Ali, 304 Fed. App'x. 292, 293 (5th Cir. 2008) (quoting Fernandez–Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

**B. Rule 12(b)(6)**

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.' " Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Unless the Court specifically holds otherwise, dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

### C. Administrative Procedures Act

The Administrative Procedures Act generally provides for judicial review of agency actions. 5 U.S.C. § 706(1). However, there is no review available if there is an "adequate remedy" available "in a court." 5 U.S.C. § 704; Bowen v. Massachusetts, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action.").

The Fifth Circuit has concluded that, in instances where the State Department revokes a passport for non-nationality, 8 U.S.C. § 1503 provides an adequate remedy, precluding review under the APA. Hinojosa v. Horn, 896 F.3d 305, 312 (5th Cir. 2018); De La Garza Gutierrez v. Pompeo, 741 F. App'x 994, 997 (5th Cir. 2018).

## III. Analysis

The result in this case is straightforward and is dictated by Fifth Circuit precedent. Villafranca seeks to challenge the Government's finding that she was not born in this country and has filed for relief under both § 1503 and the APA. Irrespective of any merit to her underlying claim, she cannot pursue relief under both statutes.

As previously noted, a plaintiff cannot pursue a claim under the APA if there is otherwise an "adequate remedy" which permits the plaintiff to seek the same general relief that an APA claim would provide. Bowen, 487 U.S. at 903.

The Fifth Circuit has expressly held "that 8 U.S.C. § 1503 provides an adequate alternative remedy to APA review," divesting the Courts of jurisdiction to consider APA claims that seek to review passport denials or revocations that are based upon findings of non-nationality. De La Garza Gutierrez, 741 F. App'x at 997; Hinojosa, 896 F.3d at 312 ("In sum, § 1503 expresses a clear congressional intent to provide a specific procedure to review the Plaintiffs' claims.").

Under the rule of orderliness, when the Fifth Circuit issues a decision which directly resolves a legal question, district courts "may not overrule the decision, right or wrong." Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co., 903 F.3d 435, 455 (5th Cir. 2018);

5

Campbell v. Sonat Offshore Drilling, Inc., 979 F.2d 1115, 1121, n. 8 (5th Cir. 1992) (superceded by statute on other grounds) ("It has been long established that a legally indistinguishable decision of this court must be followed by other panels of this court and district courts.").

In Hinojosa, the plaintiffs have filed a petition for a writ of certiorari. Petition for Writ of Certiorari, Hinojosa v. Horn (No. 18-461). That petition is currently pending before the Supreme Court. The filing of a certiorari petition – or even the grant of such a petition – does not relieve the Court of its obligation to follow the Fifth Circuit's decisions in Hinojosa and De La Garza Gutierrez. U.S. v. Islas-Saucedo, 903 F.3d 512, 521 (5th Cir. 2018) ("we have traditionally held that even when the Supreme Court has granted certiorari in a relevant case, we will continue to follow binding [Fifth Circuit] precedent.") (citing Wicker v. McCotter, 798 F.2d 155, 158 (5th Cir. 1986)).

Accordingly, the Court lacks jurisdiction to consider Villafranca's APA claim because § 1503 provides an adequate remedy which precludes APA review. Villafranca's APA claim should be dismissed.

This dismissal, however, should be without prejudice. If the Supreme Court were to grant certiorari in Hinojosa and reverse the Fifth Circuit's decision, Villafranca should be afforded the opportunity to amend her complaint at that time to re-urge the APA claim. Dismissal without prejudice would leave the door open for such an amendment under those specific circumstances.

Given the Court's recommendation, Villafranca's § 1503 claim would be her only live claim. The only proper defendant in a § 1503 claim is the head of the agency which has denied a privilege or benefit of citizenship. 8 U.S.C. § 1503(a). In this case, that means that Pompeo is the only proper defendant. Rolbin and the United States of America should be dismissed as defendants.

## IV. Recommendation

It is recommended that the motion to dismiss filed by Defendants Michael Pompeo, Jonathan Rolbin and the United States of America be granted.

It is further recommended that Denisse Villafranca's APA claim be dismissed without prejudice to refiling.

It is further recommended that Defendants Jonathan Rolbin and the United States of America be dismissed from this case without prejudice to refiling.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on March 6, 2019.

_____
Ronald G. Morgan
United States Magistrate Judge