UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DENISSE VILLAFRANCA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-00178 |
| | § | |
| JONATHAN M. ROLBIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Denisse Villafranca challenges the United States Department of State's decision to revoke her passport. She alleges causes of action under 8 U.S.C. § 1503(a) and the Administrative Procedure Act (APA), 5 U.S.C. § 702. Defendants Jonathan M. Rolbin, Michael R. Pompeo, and the United States moved to dismiss Villafranca's APA claim for lack of jurisdiction and to dismiss Defendants Rolbin and the United States as improper parties under Section 1503.

On March 3, 2019, the United States Magistrate Judge issued a Report and Recommendation (Doc. 23) recommending that the Court dismiss Villafranca's APA claim without prejudice because Section 1503(a) offers her an adequate alternative remedy, thereby precluding APA review. As dismissal of the APA claim would leave only Villafranca's cause of action under Section 1503(a), the Magistrate Judge also recommends that the Court dismiss Defendants Rolbin and the United States as improper parties for such a claim.

Villafranca timely objected to the Report and Recommendation, re-urging the argument she made in response to the Motion to Dismiss—i.e., that Section 1503(a) does not provide an adequate alternative remedy. (Pl's Obj. to Report and Recommendation, Doc. 24)

After reviewing the Report and Recommendation, the parties' briefing, and the applicable law, the Court adopts the Report and Recommendation, but dismisses the APA claim with prejudice for the reasons indicated below.

Villafranca argues that Section 1503(a)'s remedy is inadequate because that section requires her to "prove that she is a U.S. citizen anew" rather than requiring the government to disprove her citizenship. (*Id*. at 1) But as the Report and Recommendation correctly points out, the Fifth Circuit has already held that Section 1503 provides an "adequate alternative remedy" to APA review for cases where, as here, the State Department revokes a passport based on non-nationality. *See Hinojosa v. Horn*, 896 F.3d 305, 312 (5th Cir. 2018). Villafranca acknowledges that *Hinojosa* is binding precedent. In fact, Villafranca was one of the plaintiffs in *Hinojosa*, relying on Sections 1503(b) and (c) because, at the time, she resided outside of the United States. She then moved to the United States and filed the current action under Section 1503(a). In her first lawsuit, she argued that Section 1503(b) and (c) did not provide an adequate remedy at law. The District Court disagreed and dismissed the lawsuit, and the Fifth Circuit affirmed. Although Villafranca now sues under Section 1503(a), she offers no argument demonstrating that, while Section 1503(b) and (c) are adequate, Section 1503(a) is not. And the Court finds no such distinction. As a result, the Court finds that Section 1503(a) provides Villafranca with an adequate alternative remedy to judicial review, depriving this Court of jurisdiction to hear her APA claim. *See* 5 U.S.C. § 704.

As Villafranca can proceed solely under Section 1503(a), the Court dismisses Defendants Rolbin and the United States as improper defendants for such a claim. *See* 8 U.S.C. § 1503(a) (authorizing a lawsuit "against the head of [the] department or independent agency" that denied the plaintiff's alleged right or privilege). In this case, Defendant Michael R. Pompeo is the only permissible defendant for Villafranca's Section 1503(a) claim.

The Magistrate Judge recommended dismissal without prejudice because, when the Report and Recommendation issued, the plaintiffs in *Hinojosa* had a petition for certiorari pending before the Supreme Court of the United States. If the Supreme Court were to reverse the Fifth Circuit's decision, a dismissal without prejudice would have allowed Villafranca to

reassert her APA claim. But the Supreme Court has since denied certiorari. *See Hinojosa*, 896 F.3d 305, *cert. denied*, 2019 WL 1231761 (2019). Thus, dismissal with prejudice is appropriate.

Accordingly, it is:

**ORDERED** that Defendants' Partial Motion to Dismiss and to Dismiss Parties is **GRANTED**;

**ORDERED** that Plaintiff Denisse Villafranca's claim under the Administrative Procedure Act is **DISMISSED WITH PREJUDICE**; and

**ORDERED** that Defendants Jonathan M. Rolbin and the United States are **DISMISSED** from this case.

SIGNED this 25th day of April, 2019.

_____
Fernando Rodriguez, Jr.
United States District Judge